HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARGARET E. DARGAN, a single person and resident of the state of Oregon,<br><br>Plaintiff,<br><br>v.<br><br>GARY V. INGRAM, a Washington resident, individually; PAMELA M. NODUS, a Washington resident, individually; and the marital community of GARY V. INGRAM and PAMELA M. NODUS,<br><br>Defendants. | NO. 2:08-CV-01714-RSL<br><br>STIPULATION REQUESTING MEDIATION PURSUANT TO LOCAL CIVIL RULE 39.1(C) |

The parties, Plaintiff Margaret E. Dargan, and Defendant Gary V. Ingram, stipulate to the entry of an order directing the parties to engage in mediation pursuant to Local Civil Rule 39.1(c) as follows:

1. On November 26, 2008, Plaintiff filed a complaint for enforcement of victim's rights and declaratory and injunctive relief.  Dkt. No. 1.

2. On August 6, 2009, the Court entered orders (a) of final judgment in favor of Plaintiff, Dkt. No. 71, and (b) dismissing the case, Dkt. No. 72.

STIPULATION REQUESTING MEDIATION - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{03263897.DOCX;1 }

3. On July 14, 2016, Plaintiff moved the Court for an order (a) reopening this case and (b) declaring Defendant Gary Ingram to be in default of judgment (the "**Default Motion**"). Dkt. No. 73.

4. On November 15, 2016, the Court granted in part the Default Motion; specifically, the Court reopened this case but refrained from finding the Defendant to be in default. Dkt. No. 85.

5. On the same day, the Court entered an amended order setting trial and related dates. Dkt. No. 86.

6. At the November 15, 2016 hearing on the Default Motion, the Court expressed its opinion that the parties should avail themselves of alternative dispute resolution.

7. The parties have attempted to come to a negotiated resolution without the assistance of a mediator, but have been unable to do so.

8. Local Civil Rule 39.1(c) provides that the Court may order the parties to engage in mediation and that the parties may file a stipulation for mediation at any time. Local Rules W.D. Wash. LCR 39.1(c)(1).

9. Additionally, the parties may jointly request pro bono mediation. Local Rules W.D. Wash. LCR 39.1(c)(4). Attached hereto as **Exhibit A** is the parties' completed Request for Mediation Without Charge.

10. Mrs. Dargan has already been damaged financially by the original crime perpetrated by Mr. Ingram, and also in the expense of pursuing restitution from Mr. Ingram. Additionally, the expenses Mr. Ingram incurs defending against Mrs. Dargan's claim may potentially divert funds from payments that could be made to Mrs. Dargan.

11. Accordingly, the parties jointly request that the Court enter an order directing them to engage in pro bono mediation.

STIPULATION REQUESTING MEDIATION - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{03263897.DOCX;1 }

RESPECTFULLY SUBMITTED this __ day of February, 2017.

CAIRNCROSS & HEMPELMANN, P.S.

*/s/ Lindsey M. Pflugrath*
Lindsey M. Pflugrath, WSBA No. 36964
E-mail: lpflugrath@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA  98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for Plaintiff

AGREED TO BY:

MARGARET E. DARGAN                          GARY V. INGRAM

_____                _____

Date:_____                 Date:_____

IT IS SO ORDERED:

DATED:  February 16, 2017.

Robert S. Lasnik
United States District Judge

STIPULATION REQUESTING MEDIATION - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{03263897.DOCX;1 }